IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIOUS RAY WHITEN, JR.,

    Petitioner,                      No. CIV S-08-3039 DAD P

    vs.

D.K. SISTO, Warden,

    Respondent.                  ORDER

_____/

        Petitioner, a state prisoner proceeding through counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2005 judgment of conviction entered against him in the Sacramento County Superior Court.[1]  Petitioner has paid the filing fee.

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ."  Rule 4, Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may

---

[1] Petitioner was charged in seven counts of the Information filed in state court. Follwoing a jury trial he was allegedly acquitted on five counts and convicted on two: felon in possession of a firearm (Count 6) and possession of a sawed off shotgun (Count seven). Pursuant to California's Three Strikes Law he was sentenced on those convictions to 25 years to life in state prison.

dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

Here, petitioner seeks to challenge his conviction in state court on the grounds that: (1) his Fourth Amendment rights were violated by an unlawful search of his home and the seizure of evidence therefrom upon which his conviction rested, and (2) his Sixth Amendment rights were violated when he received ineffective assistance from his trial counsel who failed to pursue a plea agreement on his behalf.  On the form habeas petition filed in this court, counsel notes that petitioner raised the Fourth Amendment claim in his petition for review, which the California Supreme Court denied on December 12, 2007.  Counsel also notes that petitioner raised the Sixth Amendment claim in a petition for writ of habeas corpus.  However, according to counsel, the petition raising the latter claim is still pending at the California Supreme Court.

After reviewing the petition in this case, the court finds that it appears to suffer from two fatal defects.  First, petitioner's Fourth Amendment claim appears to be precluded by Stone v. Powell, 428 U.S. 465 (1976).  In Stone, the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 494.  Here it appears that petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in state court and took advantage of that opportunity.  Thus, petitioner has failed to state a cognizable claim for purposes of federal habeas review with respect to his Fourth Amendment claim.

In addition, petitioner's Sixth Amendment claim appears to be unexhausted. Exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  Exhaustion may only be waived explicitly by respondent's

1 counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred.
2 A petitioner satisfies the exhaustion requirement by providing the highest state court with a full
3 and fair opportunity to consider all claims before presenting them to the federal court. Picard v.
4 Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).
5 Here, petitioner's state petition for writ of habeas corpus is still pending before the California
6 Supreme Court. Accordingly, that claim for relief under the Sixth Amendment claim is
7 unexhausted.

      In the interests of justice, the court will grant petitioner's counsel thirty days to file a supplemental petition explaining why petitioner's Fourth Amendment claim should not be dismissed for failure to state a cognizable claim and why petitioner's Sixth Amendment claim should not be dismissed as unexhausted.

      IT IS SO ORDERED.

DATED: February 11, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
whit3039.103