IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIOUS RAY WHITEN, JR.,

    Petitioner,                           No. CIV S-08-3039 DAD P

    vs.

D.K. SISTO, Warden,

    Respondent.                  ORDER

_____/

        Petitioner, a state prisoner proceeding through counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2005 judgment of conviction entered against him in the Sacramento County Superior Court.[1] Petitioner has paid the filing fee.

**PROCEDURAL HISTORY**

        On December 15, 2008, petitioner filed his original petition challenging his conviction in state court on the grounds that: (1) his Fourth Amendment rights were violated by an unlawful search of his home and the seizure of evidence therefrom upon which his conviction

---

[1] Petitioner was charged in a seven count Information filed in state court. Following a jury trial he was allegedly acquitted on five of those counts and convicted on two, felon in possession of a firearm (Count 6) and possession of a sawed off shotgun (Count 7). He was sentenced under California's Three Strikes Law on those convictions to 25 years to life in state prison.

1

rested, and (2) his Sixth Amendment rights were violated when he received ineffective assistance from his trial counsel who failed to pursue a plea agreement on his behalf. On the form habeas petition filed in this court, petitioner's counsel noted that petitioner raised the Fourth Amendment claim in his petition for review filed with the California Supreme Court which that court denied on December 12, 2007. Counsel also noted that petitioner raised his Sixth Amendment claim in a petition for writ of habeas corpus that is still pending at the California Supreme Court.

After reviewing the petition in this case, the court found that it appeared to suffer from two fatal defects. First, petitioner's Fourth Amendment claim appeared to be precluded by Stone v. Powell, 428 U.S. 465 (1976). Second, petitioner's Sixth Amendment claim appeared to be unexhausted. On February 11, 2009, the court granted petitioner's counsel thirty days to file a supplemental petition explaining why petitioner's Fourth Amendment claim should not be dismissed for failure to state a cognizable claim and why petitioner's Sixth Amendment claim should not be dismissed as unexhausted. Petitioner's counsel has since filed a supplemental petition.

## PETITIONER'S SUPPLEMENTAL PETITION

Counsel for petitioner argues that the Fourth Amendment claim should not be dismissed because the state court decision denying him relief was based on an unreasonable application of the law, so petitioner did not have the opportunity to fully and failure litigate this claim in state court. Counsel for petitioner also argues that the Sixth Amendment claim should not be dismissed because a state petitioner who submits a "mixed" petition may be entitled to a stay and abeyance under Rhines v. Weber, 544 U.S. 269 (2005).

## DISCUSSION

With respect to petitioner's Fourth Amendment claim, petitioner has failed to state a cognizable claim for purposes of federal habeas review. Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in state court and took advantage of that

opportunity. See Stone, 428 U.S. at 494 ("where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.").

With respect to petitioner's Sixth Amendment claim, it appears from the California Supreme Court's website that petitioner may have exhausted the claim in state court while his supplemental petition was pending in this court (S169078). If this is the case, the court will direct petitioner to file an amended petition containing his Sixth Amendment claim, indicating that the claim is now exhausted. If, on the other hand, a habeas petition containing petitioner's Sixth Amendment claim is still pending before the California Supreme Court, this court will direct petitioner to file a status report, indicating that the claim is still unexhausted.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days of the date of service of this order, petitioner shall either:

    (a) file an amended petition containing his Sixth Amendment claim, indicating that the claim is now exhausted; or

    (b) file a status report indicating that his Sixth Amendment claim is still pending in the California Supreme Court; and

2. The Clerk of the Court is directed to send to petitioner's counsel the court's form for filing a petition for writ of habeas corpus.

DATED: August 18, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
whit3039.status